IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZAFAR SHEIKH )
)
        Plaintiff, )
)
v. ) No. 11 C 2334
)
MARC LICHTMAN, et al., )
)
        Defendants. )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Marc Lichtman's (Lichtman), Defendant Glen Bernfield's (Bernfield), Defendant Bennett Klasky's (Klasky), Defendant John Peterson's (Peterson), Defendant David Waxman's (Waxman), Defendant David Hoffman's (Hoffman), Defendant Linda Sloan's (Sloan), Defendant Lee Smith's (Smith), Defendant Jason Berry's (Berry), Defendant Michael Belsky's (Belsky), Defendant Nancy Rotering's (Rotering), and Defendant City of Highland Park's (City) (collectively referred to as "City Defendants") motion to dismiss. For the reasons stated below, the court denies in part and grants in part the motion to dismiss.

**BACKGROUND**

In his *pro se* amended complaint, which the court liberally construes, Sheikh alleges that he purchased certain property (Property) located in the City from the County of Lake (County) based on allegedly false representations made by the County and the City regarding the Property. Sheikh also alleges that, on the basis of Sheikh's race, religion, and national origin, the City has failed to timely approve his application to consolidate the lots he purchased or to grant him routine zoning variances that he has requested. In addition, Sheikh alleges that an employee of the City made libelous and defamatory comments about Sheikh during a public hearing. Sheikh brought a claim against the County alleging a violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, claims against City Defendants alleging violations of 42 U.S.C. § 1981 (Section 1981), 42 U.S.C. § 1982 (Section 1982), 42 U.S.C. § 1983 (Section 1983), and the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, and claims against the City for the violation of a consent decree and for defamation.

The County moved to dismiss the RICO claim brought against it, City Defendants moved to dismiss the Section 1983 claims brought against them, and the City moved to dismiss the claim relating to the consent decree and the claim for defamation brought against it. In a memorandum opinion dated April 19, 2012 (Memorandum Opinion), the court dismissed the RICO claim brought against the County. The court also dismissed all Section 1983 claims brought against Sloan, Smith, Barry, and Belsky; all Section 1983 claims brought against the other City

2

Defendants, other than the Fourteenth Amendment equal protection and substantive due process claims; and the claims brought against the City relating to the consent decree and for defamation.  City Defendants now move for dismissal of the Section 1981, Section 1982, and FHA claims brought against them, or alternatively, clarification regarding whether such claims against Sloan, Smith, Barry, and Belsky are dismissed.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(internal quotations omitted)(quoting in part *Twombly*, 550 U.S. at 570).  A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

## DISCUSSION

In his amended complaint, Sheik references Section 1981, Section 1982, and the FHA. However, since Sheikh did not invoke the provisions of Section 1981, Section 1982, or the FHA in the various "Counts" laid out in his amended complaint, City Defendants did not address such claims in their original motion to dismiss. In the instant motion, City Defendants argue that the Section 1981, Section 1982, and FHA claims should be dismissed because Sheikh has not alleged sufficient facts to state a claim under Section 1981, Section 1982, or the FHA. Alternatively, City Defendants argue that the Section 1981, Section 1982, and FHA claims brought against Sloan, Smith, Berry and Belsky should be dismissed, since Shiekh has not alleged facts suggesting that they were personally involved in any acts of discrimination.

To state a claim under Section 1981 or Section 1982, a plaintiff must allege "that (1) [he is a member] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. . . ." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996). Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts," which "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a) and (b). Section 1982 provides that "[a]ll citizens of the United States shall

4

have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. In addition, pursuant to 42 U.S.C. § 3604(a) (Section 3604(a)) of the FHA, it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a).

Section 1981 and Section 1982 have been broadly construed to apply whenever there is alleged interference with a contractual right or a property right on the basis of racial discrimination. *See Shaikh v. City of Chicago*, 341 F.3d 627, 630 (7th Cir. 2003)(discussing broad applicability of Section 1981 and Section 1982 to claims alleging interference with contractual or property rights on the basis of racial discrimination); *City of Memphis v. Greene*, 451 U.S. 100, 120-21 (1981)(stating that Section 1982 must be construed "to protect not merely the enforceability of property interests acquired by [non-white] citizens but also their right to acquire and use property on an equal basis with white citizens"). Similarly, Section 3604(a) has been broadly construed to "prohibit[] both direct discrimination and practices with significant discriminatory effects," and therefore "courts have construed the phrase 'otherwise make unavailable or deny' in [Section 3604(a)] to encompass mortgage 'redlining,' insurance redlining, racial steering, *exclusionary zoning decisions*, and other actions by individuals or governmental units which directly affect the availability of housing to minorities." *South-Suburban Housing Center v. Greater*

5

*South Suburban Bd. of Realtors*, 935 F.2d 868, 882 (7th Cir. 1991)(quoting *Southend Neighborhood Improvement Association v. County of St. Clair,* 743 F.2d 1207, 1209-10 (7th Cir. 1984)).

Sheikh has alleged that Lichtman, Bernfield, Klasky, Peterson, Waxman, Hoffman, Rotering, and the City have refused to approve his Consolidation Application or grant him any of the zoning variances that he has requested. Sheikh has also alleged in detail the various delays and roadblocks he has allegedly encountered while trying to get approval of his Consolidation Application and while trying to obtain the zoning variances he has requested. Sheikh has further alleged that the relief he requested from the Zoning Board of Appeals (ZBA) is regularly granted to others and that he has not been granted the same relief by the ZBA based on his race, religion, or national origin. In addition, Sheikh has alleged that he was instructed by the ZBA to fire his Indian architect and hire a new architect. Such facts are sufficient to state claims under Section 1981, Section 1982, and Section 3604(a) of the FHA.

However, as discussed in detail in the Memorandum Opinion, Sheikh has not alleged any facts to suggest that Sloan, Smith, Barry, or Belsky were directly involved in any of the discriminatory acts alleged in the complaint. *See Smith v. Bray*, 681 F.3d 888, 899 (7th Cir. 2012)(indicating that under both Section 1981 and Section 1983, "individual liability . . . is appropriate where the individual defendant caused or participated in a constitutional deprivation")(citation omitted)(internal quotation omitted); *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753 (7th Cir.

1985)(imposing personal liability under Section 1981 only if the plaintiff alleges that the individual himself "participated in the actual discrimination"). Therefore, the Section 1981, Section 1982, and FHA claims brought against Sloan, Smith, Barry, and Belsky are dismissed.

## CONCLUSION

Based on the foregoing analysis, the court denies in part City Defendants' motion to dismiss and grants City Defendants' motion to dismiss with respect to the Section 1981, Section 1982, and FHA claims brought against Sloan, Smith, Berry, and Belsky.

 _____
 Samuel Der-Yeghiayan
 United States District Court Judge

Dated: July 25, 2012