IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAFAR SHEIKH | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 11 C 2334 |
| | ) |
| MARC LICHTMAN, et al., | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Zafar Sheikh's (Sheikh) *pro se* motion to clarify, which the court will liberally construe as a motion to reconsider. For the reasons stated below, the court denies Sheikh's motion to reconsider.

## BACKGROUND

In his *pro se* amended complaint, which the court liberally construes, Sheikh alleges that he purchased certain property (Property) from Defendant County of Lake (County) based on allegedly false representations made by the County. Sheikh also alleges that, in his attempt to develop the Property, he has been discriminated against on the basis of his race, religion, and national origin in violation of a consent decree Defendant City of Highland Park (City) entered into in another case. In addition,

Sheikh alleges that an employee of the City made libelous and defamatory comments about Sheikh during a public hearing. The claims brought by Sheikh include a claim against the County alleging a violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*., and claims against the City for the violation of a consent decree and for defamation. The County and City moved to dismiss the above-referenced claims brought against them, along with various other claims, and on April 19, 2012, the court dismissed certain claims, including the RICO claim, the claim related to the consent decree, and the claim for defamation. On July 9, 2012, Sheikh filed the instant motion, seeking to have the court reconsider its dismissal of the above-referenced claims.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 60(b) (Rule 60(b)),

> the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ."

*Id.* at 762 (internal quotations omitted)(quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995)); *see also Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009)(stating that "relief under Rule 60(b) is 'an extraordinary remedy and is granted only in exceptional circumstances'")(quoting in part *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000)).

**DISCUSSION**

I.  Dismissal of the County

Sheikh requests that the court reconsider the dismissal of the County from the instant action, and grant him leave to file an amended complaint against the County to add new claims against the County. Sheikh has not shown that the court erred in dismissing the RICO claim against the County, nor has Sheikh shown that exceptional circumstances exist that warrant vacating the dismissal of the County from the instant action. Sheikh correctly observes that because he alleged that the County made false written representations regarding the size of the Property, the County is not completely immune from suit under 745 ILCS 10/2-106 of the Illinois Tort Immunities Act (ITIA). However, since based on the ITIA, any potential claim for fraudulent or negligent misrepresentation would necessarily be based solely on

3

the written representations made by the County regarding the size of the Property, this court does not have supplemental jurisdiction over such claims. *See Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008)(stating that district courts are permitted to exercise "supplemental jurisdiction over any claim that is 'so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy,'" or, in other words, "if the state and federal claims 'derive from a common nucleus of operative fact'")(citations omitted). The remaining claims in the instant action relate to whether certain discretionary zoning relief has been denied to Sheikh on the basis of his race, religion, and national origin. Shiekh has not shown that this court has supplemental jurisdiction to consider the unrelated issue of whether the County made written misrepresentations to Sheikh regarding the size of the Property. Therefore, Sheikh's request to file a second amended complaint to add new claims against the County is denied.

II. Claim Against City Relating to Consent Decree

Sheikh argues that the court should reconsider its dismissal of the claim relating to the consent decree. Sheikh contends that the consent decree should be taken into consideration by the court. However, Sheikh fails to properly explain how

4

the consent decree could form the basis of a valid claim or to provide any legal authority demonstrating that the consent decree should create a separate cause of action. As the court discussed in its prior opinion, the consent decree referenced by Shiekh has expired, does not pertain to the same issues raised by Sheikh in the instant action, would not include Sheikh as a class member, and would not be enforced by this court. *Ledford v. City of Highland Park,* 2000 WL 1053967 (N.D. Ill. 2000); (00 C 4212, DE 25). In addition, as the court also discussed, the consent decree provides that "nothing herein shall be interpreted or construed as an acknowledgment, admission, or evidence of liability on the part of the City of Highland Park. . . ." (DE 25 Par. 8). Sheikh has not shown that the court erred in dismissing the claim relating to the consent decree, nor has Sheikh shown that exceptional circumstances exist that would warrant relief.

III. Defamation Claim Against City

Shiekh argues that the court should reconsider its dismissal of the defamation claim. Sheikh contends that the hearing at which the allegedly defamatory statements were made was not legislative in nature. Shiekh made the same argument in opposing the City's motion to dismiss. The court has already made its ruling on the issue, and Sheikh's disagreement with that ruling is not a proper basis for

bringing a motion to reconsider. In addition, as discussed previously, Sheikh's amended complaint indicates that both his Consolidation Application and his requests for zoning variances were to be addressed at the April 2011 Hearing, and that the allegedly defamatory statements made related to such matters. (A. Compl. Par. 69). Illinois law provides that such matters are legislative in nature. 65 ILCS 5/11-13-25(a).

Sheikh also argues that because the statements at issue were made under oath, the City attorney should not be entitled to immunity. As indicated in the court's prior opinion, under Illinois law, "[a] witness is absolutely privileged to publish defamatory matter as part of a legislative proceeding in which he is testifying or in communications preliminary to the proceeding, if the matter has some relation to the proceeding." *Krueger v. Lewis*, 834 N.E.2d 457, 464 (Ill. App. Ct. 2005). The terms "witness" and "testifying" imply that the protected defamatory statements may be given under oath. *See id.* 522-23 (discussing whether a witness must be under oath for privilege to apply). Thus, Shiekh's argument that making allegedly false statements under oath somehow nullifies any immunity is unavailing Sheikh has not shown that the court erred in dismissing the defamation claim, nor has Sheikh shown that exceptional circumstances exist that would warrant relief.

## CONCLUSION

Based on the foregoing analysis, the court denies the motion to reconsider.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 22, 2012