IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZAFAR SHEIKH | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 11 C 2334** |
| | ) | |
| MARC LICHTMAN, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Marc Lichtman (Lichtman),

Defendant Glen Bernfield (Bernfield), Defendant Bennett Klasky (Klasky), Defendant

John Peterson (Peterson), Defendant David Waxman (Waxman), Defendant David

Hoffman (Hoffman), Defendant Nancy Rotering (Rotering), and Defendant City of

Highland Park's (City) (collectively referred to as "City Defendants") motion for

summary judgment. For the reasons stated below, the court grants the City

Defendants' motion for summary judgment.

## BACKGROUND

Plaintiff Zafar Sheikh (Sheikh) alleges in his *pro se* amended complaint that in

early 2006, he purchased four adjoining lots (Property) located in the City with the

1

intention of building a home there. Before purchasing the Property, Sheikh was

allegedly told that the Property was an interior lot under the City's zoning code

(Zoning Code) and that after he obtained certain minimal zoning variances, he would

be able to build his proposed home (Proposed Home) on the Property. After Sheikh

purchased the Property, Sheikh allegedly submitted an application to the City

requesting consolidation of the lots (Consolidation Application). Sheikh was

allegedly informed that the Consolidation Application would only be approved if

Sheikh purchased an additional lot located adjacent to the Property (Adjacent Lot).

Sheikh allegedly undertook efforts to purchase the Adjacent Lot, but was allegedly

unsuccessful. Thereafter, the City allegedly indicated to Sheikh that his

Consolidation Application would be approved without the purchase of the Adjacent

Lot. Sheikh alleges that he subsequently received notice that his Consolidation

Application would be decided by the City Council after the Zoning Board of Appeals

(ZBA) made a recommendation with respect to the Consolidation Application.

Around that same time, Sheikh was allegedly informed that the proper

classification of the Property under the Zoning Code was a corner lot. Sheikh's

attorney allegedly requested to have an informal hearing before the ZBA (Informal

Hearing) to discuss the zoning variances that would be required to build the Proposed

Home. Lichtman, Bernfield, Klasky, Peterson, Waxman, and Hoffman are allegedly

members of the ZBA. At the Informal Hearing, the members of the ZBA allegedly

indicated that Sheikh was likely to receive relief from the Zoning Code after Sheikh

made a formal presentation to the ZBA. Formal hearings were held on May 5, 2010

(May 2010 Hearing), November 18, 2010 (November 2010 Hearing), January 6, 2011 (January 2011 Hearing), and February 17, 2011 (February 2011 Hearing) (collectively referred to as "Formal Hearings"). Sheikh alleges that at each of the Formal Hearings, Sheikh presented his plans for the Proposed Home and was advised by the ZBA what changes needed to be made to the plans in order to obtain zoning relief. After each of the Formal Hearings, Sheikh allegedly revised the plans according to the ZBA's specifications.

Sheikh alleges that the ZBA ultimately voted to deny Sheikh's requested zoning variances. In addition, Sheikh alleges that on approximately March 23, 2011, the ZBA unanimously recommended approval of the Consolidation Application, but that final approval of the Consolidation Application was delayed by the City indefinitely. According to Sheikh, the denial of the requested zoning variances and the delay in approving the Consolidation Application were based on Sheikh's race, national origin, or religion. In his *pro se* amended complaint, Sheikh included a claim against the County of Lake (County) alleging a violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq*. Sheikh also included claims against City Defendants and certain other City employees or officials (Additional City Defendants) alleging violations of 42 U.S.C. § 1981 (Section 1981), violations of 42 U.S.C. § 1982 (Section 1982), violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq*., and violations of 42 U.S.C. § 1983 (Section 1983). In addition, Sheikh included claims brought against the City for the violation of a consent decree and for defamation.

The County, City Defendants, and Additional City Defendants moved to dismiss all claims. The court granted the County's motion to dismiss the RICO claim, the City's motion to dismiss the claim relating to the consent decree and the defamation claim, and the motions to dismiss with respect to all claims brought against Additional City Defendants. With respect to City Defendants, the court granted the motions to dismiss as they related to the Section 1983 First Amendment retaliation claims, the Section 1983 First Amendment right to petition claims, the Section 1983 Fourteenth Amendment procedural due process claims, and the Section 1983 Fifth Amendment taking claims. However, the court denied the motions to dismiss as they related to the Section 1981 claims, the Section 1982 claims, the FHA claims, the Section 1983 Fourteenth Amendment equal protection claims, and the Section 1983 Fourteenth Amendment substantive due process claims. City Defendants now move for summary judgment on the remaining claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" of material fact in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of

material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

**DISCUSSION**

City Defendants contend that summary judgment should be granted in their favor, arguing that Shiekh cannot show intentional discrimination. To survive summary judgment on each of his remaining claims, Sheikh must offer proof of intentional discrimination. *See Smith v. Bray* 681 F.3d 888, 896 (7th Cir. 2012)(stating that "[t]he substantive standards and methods of proof that apply to claims of racial discrimination and retaliation under Title VII also apply to claims under § 1981")(citations omitted); *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011)(indicating that the methods for proving intentional discrimination "appl[y] equally to discrimination claims under Title VII, § 1981, and § 1983"); *East-Miller v. Lake County Highway Dept.*, 421 F.3d 558, 562-63 (7th Cir. 2005)(holding "that a showing of intentional discrimination is an essential element of a [FHA] claim" and that a FHA claim could be proven under the direct or indirect method of proof); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413-14 (7th Cir. 1996)(laying out the

5

elements required to prove a Section 1981 claim, and indicating that "[b]ecause of

their common origin and purpose, § 1981 and § 1982 are generally construed in

tandem").  To prove intentional discrimination, a plaintiff  may proceed under either

the direct method or the indirect method of proof.  *East-Miller*, 421 F.3d at 563.

Sheikh argues that he can defeat City Defendants' motion for summary judgment

under either method of proof.


I.  Direct Method

Under the direct method of proof, a plaintiff can point to direct evidence or to

circumstantial evidence to show that intentional discrimination by the decisionmaker

can be inferred from a "convincing mosaic of circumstantial evidence. . . ."  *Petts v.*

*Rockledge Furniture LLC*, 534 F.3d 715, 720 (7th Cir. 2008)(citations

omitted)(internal quotations omitted); *Parvati Corp. v. City of Oak Forest*, 2012 WL

957479, at *8 (N.D. Ill. 2012)(stating that for the "Section 1981 and 1982 claims

under the direct method of proof, [the plaintiff needed to] present either direct or

circumstantial evidence that would permit a reasonable jury to infer intentional

discrimination").  A convincing mosaic can be shown by: (1) "suspicious timing,

ambiguous statements oral or written, behavior toward or comments directed at

[others] in the protected group, and other bits and pieces from which an inference of

discriminatory intent might be drawn"; (2) "evidence that similarly situated [persons]

outside the protected class received systematically better treatment"; and (3) evidence

that the defendant's "stated reason" for the action that was adverse to the plaintiff "is

a pretext for discrimination." *Petts*, 534 F.3d at 721 (citation omitted)(internal quotation omitted). Sheikh concedes that there is no direct evidence of discriminatory intent, but argues that there is circumstantial evidence showing discriminatory intent. However, Shiekh has not sufficiently pointed to such evidence. Shiekh contends that the City has "a very significant white majority population." (Resp. 5). Sheikh also provides the court with a large volume of emails between neighbors who opposed the development of the Property (Neighbors) and various City officials relating to the development of the Property. However, the communications do not demonstrate any discriminatory motive on the part of the Neighbors or City Defendants. Sheikh cannot defeat City Defendants' motion for summary judgment by stating in a conclusory manner that the "record abounds with suspicious timing and ambiguous statements." (Resp. 7). He must provide detail regarding such timing and statements, and he has failed to do so. Further, as discussed more fully below, Sheikh has failed to point to evidence showing that similarly-situated persons outside the protected class received more favorable treatment.

Sheikh complains that City Defendants have not attached complete deposition transcripts to their statement of undisputed facts. However, complete transcripts are not required under Local Rule 56.1 or any other rule. If Sheikh believes that certain portions of the transcripts support his position, it is incumbent upon Sheikh to provide such portions of the transcripts to the court. Sheikh's objections to City Defendants' statement of material facts are unsupported by any citation to the record whatsoever, or alternatively supported with a citation to the record that is inaccurate or inadequate.

Also, often Sheikh's own statements of additional material facts are not sufficiently supported by the record and include irrelevant information, legal arguments, and conjecture in violation of Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). Sheikh's *pro se* status does not relieve him of an obligation to comply with Local Rules such as Local Rule 56.1. *See RBS Citizens, N.A. v. Compuray Staffing, Inc.*, 2012 WL 502653, at *2 (N.D. Ill. 2012)(stating that "Local Rule 56.1's requirements apply even when the non-moving party is representing himself *pro se*"); *see also Wilson v. Kautex, Inc.*, 371 Fed.Appx. 663, 664 (7th Cir. 2010)(unpublished decision)(stating that "strictly enforcing Local Rule 56.1 was well within the district court's discretion . . . even though [the plaintiff was] a *pro se* litigant").

Under Local Rule 56.1, the party opposing summary judgment must file "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B). If "a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). In ruling on a motion for summary judgment, the court is not required "to spend [] time combing the record to locate the relevant information," and instead is entitled to require the parties' strict compliance with Local Rule 56.1. *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011).

It is undisputed, pursuant to Local Rule 56.1, that after Sheikh's purchase of the Property, the City informed Sheikh by letter that in order to build on the Property, Sheikh would need to obtain the City Council's approval to consolidate the lots, and that other zoning variances may be required "depending on the design of the proposed residence." (R SF Par. 7). In addition, it is undisputed that because Sheikh had not acquired the Adjacent Lot, he would need relief from the Zoning Code in order to consolidate the four lots comprising the Property. (R SF Par. 9). The undisputed record also reflects that City staff indicated to Sheikh that he should try to acquire the Adjacent Lot or show that it would be an undue hardship to acquire it. (R SF Par. 12). It is undisputed that in July 2009, the City Counsel referred the matter to the ZBA for hearings and a recommendation, and that in late 2009, Sheikh's attorney filed a letter with the ZBA indicating that Sheikh was unable to purchase the Adjacent Lot. (R SF Par. 13-14). In addition, it is undisputed that after holding the Formal Hearings, the ZBA ultimately made a recommendation in Sheikh's favor with respect to the Consolidation Application. (R SF Par. 29). It is also undisputed that after receiving the ZBA's recommendation, the City Counsel did not make a final determination with respect to the Consolidation Application because there was evidence that Sheikh had finally been able to purchase the Adjacent Lot, which would make a zoning variance unnecessary. (R SF Par. 35).

With respect to the setback variations requested by Sheikh, the record reflects that Sheikh first requested these in late 2009. (R SF Par. 18). Although Sheikh argues that he was initially told the Property was an interior lot, and that the

designation of the lot was only changed to that of a corner lot in 2009, Sheikh has not put forth any facts suggesting that the classification of the Property as a corner lot was incorrect. In contrast, City Defendants have put forth evidence showing that the classification of the Property as a corner lot was proper. (R SF Par. 15); (Memo. Ex A § 150.202). In addition, although Sheikh complains of the delay in adjudicating his zoning requests, the record reflects that after Sheikh submitted his request for setback relief, the ZBA promptly scheduled hearings to adjudicate the request. (R SF Par. 18-19, 21-22). In addition, the record reflects that thereafter, Sheikh and his attorney repeatedly requested continuances to revise the plans for the Proposed Home and meet with Neighbors concerning the development of the Property. (R SF Par. 21-24).

Moreover, the undisputed record reflects that there was significant opposition from Neighbors regarding the development of the Property because of its location, the size of the Proposed Home, flooding dangers, and tree removal. Although Sheikh argues that may of these issues did not fall under the purview of the ZBA, it is undisputed that such concerns of Neighbors were made known to the ZBA at the Formal Hearings. (R SF Par. 21). It is also undisputed that the ZBA's stated reasons for its decision to deny the set-back relief requested were based on the standards set out in the Zoning Code. (R SF Par. 30-31). Sheikh alleges that City Defendants told Sheikh to fire his Indian architect, but the record reflects that the plans submitted by Sheikh were deficient and that Sheikh was merely advised that he might want to hire an architect familiar with the City's zoning requirements. (R SF Par. 22, 44). With respect to Sheikh's allegations relating to the communication between Neighbors and

City Defendants or other City staff, the record does not reflect that any of the communications were improper, nor do the communications demonstrate a discriminatory intent. Based on the above, Sheikh cannot prevail under the direct method of proof.

II. Indirect Method

Under the indirect method of proof, a plaintiff must provide evidence that he is a member of the protected class; that he qualified the zoning relief being sought; that he was denied that relief; and that similarly-situated persons outside of the protected class were treated more favorably. *See Collins v. American Red Cross*, 2013 WL 856512, at *4 (7th Cir. 2013); *Harvey v. Town of Merrillville*, 649 F.3d 526, 530-31 (7th Cir. 2011). If plaintiff produces such evidence, the burden shifts to the defendant to "introduce a legitimate, nondiscriminatory reason for the [adverse] action." *Collins*, 2013 WL 856512, at *4. If the defendant meets that burden, "the burden shifts back to the plaintiff to provide evidence that the employer's reason was pretextual." *Id.*

City Defendants argue that Sheikh has not identified any similarly-situated individual who was treated more favorably than him. Sheikh has pointed to six other properties as comparators. However, of the six properties identified by Shiekh, no zoning relief was sough with respect to two of the properties, and the zoning relief granted with respect to two of the other properties occurred more than 26 years ago. (R SF Par. 46). It is undisputed that neither Lichtman, Bernfield, Peterson, Waxman,

Hoffman, or Klasky served on the ZBA prior to 1996. (R SF 3). In addition, with

respect to the other two properties identified by Shiekh, the relief granted was not

comparable, since one involved a request to build a 6 foot tall fence (as to the 4 foot

fence allowed under the zoning code), and the other involved an addition of a garage

for an existing home. (R SF Par 46). Since Sheikh has not identified a similarly-

situated person treated more favorably, he has not established a prima facie case of

discrimination.

In addition, even if Sheikh were able to establish a prima facie case of

discrimination, he has not shown that the purported reasons for denying him the

zoning relief he requested were pretextual. Although Sheikh points to a statement

made by a member of the public indicating that such person did not want the house to

be built or Sheikh to live there, (SAF Par. 18), such a statement cannot be imputed to

City Defendants. It is unfortunate that Sheikh had to spend funds for the purpose of

building a large home. However, the fact that Sheikh's ultimate wish did not

materialize does not mean that he was unlawfully discriminated against by City

Defendants. Sheikh makes certain allegations and repeatedly reminds the court in his

brief that the court must view the facts in the light most favorable to him, as the non-

moving party. However, inferences cannot be drawn from facts "that are supported

by only speculation or conjecture." *Collins*, 2013 WL 856512, at *1 (citing *Harper v.*

*C.R. England, Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)). At this juncture, it is

incumbent upon Sheikh to point to evidence to support his version of the facts, and he

can no longer rely upon mere beliefs and allegations. *Koszola v. Board of Educ. of*

*City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004)(stating that "summary judgment is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events")(internal quotations omitted)(quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)).  Therefore, based on the foregoing, the motion for summary judgement is granted.

The court notes that City Defendants have also argued that Shiekh cannot show that he has a right to pursue any claims relating to the Property, and that Sheikh cannot show any violation of Section 1981, Section 1982, the FHA, or his substantive due process rights.  However, since the court has already found that Shiekh has not pointed to any evidence of intentional discrimination, the court need not consider City Defendants' additional arguments.

**CONCLUSION**

Based on the foregoing analysis, City Defendants' motion for summary judgment is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:  June 26, 2013

13